IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENRIQUE RAMIREZ, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> ) <br> PEOPLE OF THE STATE OF ) <br> CALIFORNIA, ) <br> ) <br> Respondent. ) <br> ) <br> _____) | CV F 04-6384 OWW WMW HC <br><br> FINDINGS AND RECOMMENDATIONS RE MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS <br><br> [Doc. 7] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302. Respondent moves the court to dismiss the petition as an unauthorized second or successive petition and as barred by the statute of limitations. Petitioner opposes the motion.

//

# STANDARD OF REVIEW

<u>JURISDICTION</u>

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); <u>Williams v. Taylor</u>, 120 S.Ct. 1495, 1504 fn.7 (2000).

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting <u>Drinkard v. Johnson</u>, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA, thus it is governed by its provisions.

<u>STANDARD OF REVIEW</u>

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. <u>Williams v. Taylor</u>, 120 S.Ct. 1495, 1518-23 (2000). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence

presented in the State Court proceeding." 28 U.S.C. § 2254(d); <u>Lockyer v. Andrade</u>, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in <u>Van Tran v. Lindsey</u>, 212 F.3d 1143 (9th Cir. 2000)); <u>Williams v. Taylor</u>, 120 S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." <u>Lockyer</u>, at 1174 (citations omitted). "Rather, that application must be objectively unreasonable." <u>Id.</u> (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, <u>Barefoot v. Estelle</u>, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); <u>Harris v. Nelson</u>, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. <u>Brecht v. Abrahamson</u>, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); <u>Purkett v. Elem</u>, 514 U.S. 765, 115 S.Ct. 1769 (1995); <u>Thompson v. Keohane</u>, 516 U.S. 99, 116 S.Ct. 457 (1995); <u>Langford v. Day</u>, 110 F.3d 1380, 1388 (9th Cir. 1997).

### DISCUSSION

Respondent first moves to dismiss the petition as an unauthorized second or successive petition. Under the AEDPA's "gatekeeping" provisions, an applicant seeking to file a second or successive petition must obtain from the appropriate court of appeals an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). Further, Section 2244(b)(2) provides that a claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–

> (A) the applicant shows that the claim relies on a new rule of constitutional law made retroactive to cases on collateral

3

```
                review by the Supreme Court, that was previously unavailable;
                or
     (B)(I)     the factual predicate for the claim could not have been
                discovered previously through the exercise of due diligence;
                and
        (ii)    the facts underling the claim, if proven and viewed in the light
                of the evidence as a whole, would be sufficient to establish by
                clear and convincing evidence that, but for constitutional error,
                no reasonable fact finder would have found the applicant guilty
                of the underlying offense.
```

28 U.S.C. § 2244(b)(2)(A)-(B).

In this case, Petitioner previously filed a petition for writ of habeas corpus in this court on December 27, 1999, in Ramirez v. Carey, CV F 00-5379 OWW DLB P. That petition challenged the same conviction challenged in the present petition. Petitioner has not obtained an appropriate order allowing him to file the present successive petition, as required under 28 U.S.C. § 2244(b)(2)(A)-(B).

In the present petition, Petitioner challenges his conviction based on legislation known as Proposition 36, which did not become effective until July 1, 2001. This challenge clearly could not have been raised in his previous petition filed in 1999. However, Petitioner has not shown that Proposition 36 is a new rule of constitutional law, "made retroactive to cases on collateral review by the Supreme Court," as required under Section 2244(b)(2)(A). Further, Petitioner has not identified a factual predicate for his claims that could not have been discovered previously, as required under Section 2244(b)(2)(B).

Accordingly, this court must dismiss the present petition as an unauthorized second or successive petition over which the court lacks jurisdiction. The court therefore finds it unnecessary to address Respondent's argument that the petition is barred by the statute of limitations.

Based on the foregoing, IT IS HEREBY RECOMMENDED as follows:

1)     that Respondent's motion to dismiss be GRANTED;

2)     that the petition for writ of habeas corpus be dismissed; and

3)      that judgment be entered for Respondent and that this case be closed.

These Findings and Recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   September 1, 2006**             /s/  William M. Wunderlich
mmkd34                                     UNITED STATES MAGISTRATE JUDGE